IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED: JUNE 27, 2008
08CV 3687
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE SCHENKIER
EDA

In the Matter of the Arbitration Between

WISCONSIN PUBLIC SERVICE CORPORATION

Applicant,

and

UNION PACIFIC RAILROAD COMPANY,

Respondent.

No. ____________

## JOINT APPLICATION TO APPOINT ARBITRATOR

TO THE HONORABLE JAMES F. HOLDERMAN, CHIEF JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:

Wisconsin Public Service Corporation ("WPSC") and Union Pacific Railroad Company ("UP") respectfully apply to this Court to appoint an arbitrator. In support of this Application, WPSC and UP state as follows:

1. Appended as Exhibit A is a copy of Article XIII of the Rail Transportation Agreement ("Agreement") entered into by and between WPSC and UP on January 1, 2000.[1] Article XIII, Section 1 of the Agreement provides for any

[1] The Agreement is a confidential agreement that provides the terms for delivery of coal from origins in Wyoming to WPSC power plants in Wisconsin. Given the confidential nature of the Agreement, the parties are not submitting the Agreement in its entirety.

controversy between the parties arising under the Agreement that cannot be resolved through negotiation to be resolved through binding arbitration.

2. Pursuant to the terms of Article XIII, Section 2, WPSC served a Demand for Arbitration on UP on May 6, 2008. WPSC's Demand presents breach of contract claims relating to coal delivery shortfalls that it alleges occurred under the Agreement during 2005. WPSC's demand seeks actual damages in excess of $10 million for breaches that it contends are not subject to any limited liquidated damages provision that may be contained in the Agreement.

3. UP served a Reply to Demand for Arbitration on WPSC on May 23, 2008. In its Reply, UP states that *force majeure* events suspended its obligations to transport coal to WPSC under the Agreement in 2005. Additionally, if the panel concludes that *force majeure* events did not suspend UP's obligations under the Agreement, UP argues that WPSC's damages are limited to no more than $500,000, in accordance with the Agreement's liquidated damages provision.

4. Pursuant to Article XIII, Section 2.A of the Agreement, WPSC and UP each designated one arbitrator for the three-member arbitration panel. WPSC designated Bruce A. Americus, a partner at Buchanan Ingersoll & Rooney in Pittsburgh, Pennsylvania, and UP designated William R. Jentes, a Chicago practitioner. Copies of their respective resumes are appended as Exhibit B.

5. In the event that the party-appointed arbitrators are unable to agree upon the selection of a third, competent and disinterested arbitrator, Article XIII, Section 2.A expressly provides that either party may request the Chief Judge

of the U.S. District Court for the Northern District of Illinois to appoint the third, competent and disinterested arbitrator. The parties' arbitrators have consulted and were unable to agree upon a third arbitrator within the specified timeframe.

6. Given the impasse that has been reached by the party-arbitrators, WPSC and UP ask this Court to appoint a third, competent and disinterested arbitrator to consider and rule upon the issues raised in WPSC's Demand for Arbitration and UP's Reply to Demand for Arbitration.

7. WPSC submits that the third arbitrator should be someone that is truly disinterested and that preferably has had no prior contact with any of the parties, their respective party-arbitrators and counsel.[2] WPSC submits that there are ample qualified arbitrators in the Chicago area, and beyond, that would meet such criteria.[3] WPSC also requests that the Court appoint a third arbitrator with judicial experience or judicial temperament. The dispute at issue involves a damage claim for in excess of ten million dollars and raises complicated contract and technical issues. Accordingly, someone with experience with complex litigation matters is essential.

---

[2] In this regard, WPSC notes that the standard American Arbitration Association Arbitrator disclosure form asks: "If there is more than one arbitrator appointed in this case, have you had any professional or social relationships with any of the other arbitrators."

[3] While the Agreement calls for this Court to appoint the third Arbitrator, there is no requirement that the appointee be from the Northern District of Illinois. Given that neither party is based in Chicago, only one of the party-arbitrators is based in Chicago, and given that counsel for both parties are outside Chicago (i.e., WPSC's counsel is from Washington, D.C., and UP's counsel is from Kansas City), WPSC submits there is no need for the Court to limit its pool of applicants to individuals from Chicago and its environs. In particular, to the extent that retired Federal District Court Judges may be available to serve as the third arbitrator, there are many qualified candidates beyond the jurisdiction of this Court that could be considered.

8. UP agrees that there are ample qualified arbitrators in the Chicago area, and all other qualifications being equal, believes that the selection of a Chicago-based arbitrator is preferred. UP submits that as the parties have agreed to conduct the arbitration proceedings in Chicago, Illinois, the selection of an arbitrator in Chicago will simplify scheduling and reduce travel costs for both parties. Consistent with this point, both parties are coordinating on ways to streamline discovery and the arbitration hearing with an eye towards reducing costs. Additionally, while UP agrees that the third arbitrator shall be competent and disinterested, it does not believe that "truly disinterested" is synonymous with the lack of *any* "prior contact with any of the parties, their respective party-arbitrators and counsel." UP recommends that the Court use R-16 and R-17 of the American Bar Association's Commercial Arbitration Rules for guidance in selecting the third arbitrator (pursuant to Article XIII, Section 2.B of the Agreement, the arbitration shall be conducted under the Commercial Rules of the American Arbitration Association, to the extent not inconsistent with the provisions of the Agreement).[4] Finally, UP submits that past judicial experience need not be a prerequisite and encourages the Court to also consider other arbitrators with experience in complex, commercial cases, including those who may have previously chaired arbitration panels.

9. The Court's jurisdiction arises under the diversity statute, 28 U.S.C. § 1332. WPSC is a Wisconsin corporation with its principal place of business in Green Bay, Wisconsin. UP is a Delaware corporation with its principal place of

---

[4] UP notes that while R-16 requires that arbitrators disclose any "past or present relationship with the parties or their representatives," such disclosure "is not to be construed as an indication that the arbitrator considers that the disclosed circumstance is likely to affect impartiality or independence."

business in Omaha, Nebraska. The amount in controversy, exclusive of interest and costs, exceeds $ 75,000. Hence, diversity is present.

10. The Agreement involves interstate commerce in the form of transportation of coal between Wyoming and Wisconsin and contains an arbitration clause within the meaning of 9 U.S.C. §§ 1-2.

11. The Court is specifically empowered to appoint the third arbitrator by 9 U.S.C. § 5, and by the terms of Article XIII, Section 2.A of the Agreement. Under the terms of the Agreement, the parties have agreed to share the fees and expenses of the third arbitrator.

12. WPSC and UP will provide, at the Court's request, any additional information that the Court may need in connection with this Application.

WHEREFORE, WPSC and UP respectfully ask the Court to appoint a competent and disinterested arbitrator to hear the arbitration.

Respectfully submitted,

s/ Charles M. Gering

CHARLES M. GERING
FOLEY & LARDNER LLP
321 N. CLARK STREET
SUITE 2800
CHICAGO, IL 60610
(312) 832-4588 (PHONE)
(312) 832-4700 (FAX)

KELVIN J. DOWD
FRANK J. PERGOLIZZI

SLOVER & LOFTUS
1224 17TH STREET, N.W.
WASHINGTON, D.C. 20036
(202) 347-7170 (PHONE)
(202) 347-3619 (FAX)

ATTORNEYS FOR
WISCONSIN PUBLIC SERVICE COMPANY

Ronald J. Cuchna

RONALD J. CUCHNA
UNION PACIFIC RAILROAD COMPANY
101 NORTH WACKER DRIVE
RM. 1920
CHICAGO, IL 60606
(312) 777-2040 (PHONE)
(312) 777-2065 (FAX)

JOSEPH M. REBEIN
LAURIE A. NOVION
SHOOK, HARDY & BACON, L.L.P.
2555 GRAND BOULEVARD
KANSAS CITY, MO 64108-2613
(816) 474-6550 (PHONE)
(816) 421-5547 (FAX)

ATTORNEYS FOR
UNION PACIFIC RAILROAD COMPANY

DATED: JUNE 26, 2008

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that on June 26, 2008, I served the foregoing attached Joint Application to Appoint Arbitrator, via regular U.S. Mail with proper postage prepaid upon:

Ronald J. Cuchna
Union Pacific Railroad Company
101 North Wacker Drive
Suite 1920
Chicago, Illinois 60606

Joseph M. Rebein
Laurie A. Novion
Shook, Hardy & Bacon, LLP
2555 Grant Boulevard
Kansas City, Missouri 64108

[signature]
Charles M. Gering

08CV 3687
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE SCHENKIER
EDA

EXHIBIT A
1 OF 4

CONFIDENTIAL

**ARTICLE XIII**

**RESOLUTION OF DISPUTES**

Section 1. Arbitration.

Any dispute between UP and WPSC that relates to this Agreement and cannot be resolved by negotiation within ninety (90) days after written notice from one party to the other that a dispute exists which requires negotiation, shall be resolved by binding arbitration.

Section 2. Procedure.

Questions or controversies subject to resolution by arbitration shall be submitted to a single competent, disinterested arbitrator if the parties are able to agree upon such single arbitrator within twenty (20) days after the party desiring such arbitration shall notify in writing the other party of such question or controversy. If such single arbitrator cannot be agreed upon before the expiration of such period of twenty (20) days, arbitration shall be had before a board of three (3) persons to be named as follows: the party demanding such arbitration shall, within twenty (20) days after expiration of the period for agreement to a single arbitrator, give the other party notice of

such demand, stating specifically the question or questions to be submitted for decision and nominating a person to act as one arbitrator. The party to whom such notice is given shall appoint a second arbitrator and give the party demanding arbitration notice in writing of such appointment within twenty (20) days from the time of receipt of the demanding party's notice. If the responding party does not, within this twenty (20) day period, notify the party demanding arbitration, the party making the demand shall, within the next twenty (20) days, make such selection. The first and second arbitrators chosen shall select a third and if the arbitrators chosen shall be unable to agree upon a third arbitrator within a period of twenty (20) days from the date of appointment of the second arbitrator, either party may, within the next ten (10) days, file a motion or application with the Chief Judge (or Acting Chief Judge) of the United States District Court for the Northern District of Illinois to appoint a third arbitrator.

B. Upon selection of the arbitrator board of either one or three members, the board shall proceed to inquire into and determine the questions and controversy at issue as disclosed in

CONFIDENTIAL

such notice of reference and any reply thereto, and shall give to both parties reasonable notice of the time and place where the board may take evidence. The arbitration shall be conducted under the Commercial Rules of the American Arbitration Association, to the extent not inconsistent with the provisions of this Agreement. If any arbitrator shall decline or fail to act, the party (or parties in the case of a single arbitrator) by whom he or she was chosen or the judge (in the case of an arbitrator selected through application to the United States District Court for the Northern District of Illinois) shall appoint another to act in his place. After considering the evidence and hearing the testimony and arguments which may be submitted by each party, the board shall state its decision or award, in writing, within one hundred and eighty (180) days after the selection of the first arbitrator (for a one-member board) or the third arbitrator (for a three-member board), which decision or award, when delivered to both parties, shall be final and binding, and each party expressly agrees to be bound conclusively thereby as to any of the matters submitted to arbitration. Judgment may be entered upon such decision or award in any court of competent jurisdiction.

CONFIDENTIAL

00031

EXHIBIT A
4 OF 4

C. The non-privileged documents, books and papers of both parties as far as they are relevant to any matter submitted to arbitration shall be open to examination of the other party and the arbitrator or arbitrators, as the case may be. Confidential or proprietary information or documents shall be produced subject to the requirement that the receiving party and the arbitrator(s) first sign a suitable agreement with the disclosing party to protect the confidentiality of the material to be disclosed.

D. The arbitrator(s) shall not have the power to modify any provision of this Agreement, and his (their) jurisdiction is limited accordingly.

Section 3. Costs.

The parties shall bear equally all the fees and expenses of the first arbitrator (for a one-member board) or the third arbitrator (for a three-member board), as well as the expenses for the arbitration location and other, common expenses. Each party shall bear the fees and expenses of the arbitrator appointed by that party, in the case of a three-member board.

CONFIDENTIAL

08CV 3687
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE SCHENKIER
EDA



**EXHIBIT B**

**Buchanan Ingersoll & Rooney PC**
Attorneys & Government Relations Professionals



# Bruce A. Americus

*Shareholder*

Bruce A. Americus provides general business advice and negotiates, drafts and litigates all types of business agreements such as joint venture, operating, long-term supply, and sales representative and distributor agreements, as well as commercial terms and conditions of sale.

Pittsburgh

T: 412 562 8885
F: 412 562 1041
bruce.americus@bipc.com

## Education

J.D., 1971
University of Pittsburgh School of Law

B.A., 1968
Ohio University

## Services/Industries

Litigation

Coal

Commercial Litigation

Energy and Natural Resources

Retail Development

Transportation

Oil and Gas

Bruce possesses a broad-based commercial law practice, with a national reputation for his work on behalf of diverse clients in the energy and natural resources industries, particularly coal, oil and gas.

With more than 30 years of experience in the coal, oil, gas and energy industries, Bruce brings knowledge and insight when handling matters for clients representing producers; utilities, steel companies and other consumers; lessors and lessees; acquirers and sellers; and lenders and borrowers. He has been involved in many large acquisitions in the natural resource industries and has negotiated, drafted, and litigated many long-term coal supply agreements, significant mineral leases and other energy-related commercial transactions.

Bruce and his colleagues in the firm continue to be leaders in the coal, oil and gas industries, representing both producers and consumers in complicated commercial matters, acquisitions, and complex litigation, including bankruptcy and creditors' rights.

In many situations, Bruce has acted as "general counsel" for clients without in-house capability. Bruce has been able to counsel and identify opportunities for clients by maintaining a "hands on" approach that requires understanding the client's position within the framework of its business or industry environment.

Bruce is a frequent speaker on national panels, including the Continuing Legal Education Network, and has written several articles dealing with acquisitions in the natural resources industry and mineral industry financing. He has also co-written the chapter on coal supply agreements appearing in Matthew Bender's treatise Coal Law and Regulations.

## Admissions

Pennsylvania

## Affiliations

Trustee, Energy & Mineral Law Foundation

Chairman and director, Pittsburgh Region, British-American Business Council




**Chicago International Dispute Resolution Association**

---



## WILLIAM R. JENTES P.C.

### Alternative Dispute Resolution

***Domestic and International***

Arbitration
Conciliation
Mediation

**RESUMÉ**

Mr. Jentes has devoted his career as ADR neutral, litigator, corporate counselor and academic to the effective and efficient resolution of complex business and governmental disputes. Widely recognized for his extensive experience as arbitrator and mediator of important domestic and international disputes, he is a Fellow of the College of Commercial Arbitrators and the American College of Trial Lawyers.

In 2005 Mr. Jentes was again named to the Leading Lawyers Network in the categories of ADR: Commercial Litigation and ADR: International Law. He was recognized in the 2005 edition of Illinois SuperLawyers as one of only ten in the ADR Arbitrator/Mediator category. He is listed in Who's Who in America, Who's Who in United States, Guide to the World's Leading Litigation Attorneys, and The Best Lawyers in America.

***Professional Background***

For close to forty years, Mr. Jentes was a principal litigating partner at Kirkland & Ellis, LLP, acting as lead trial and appellate counsel in many of the firm's most significant cases. Mr. Jentes specialized in complex U.S. and international disputes raising corporate, antitrust, securities, intellectual property, contract, construction, mass tort and insurance issues. His work in the landmark Westinghouse Uranium Litigation, which involved litigation in the U.S., England,

Canada, Sweden, and Australia, is featured in The Partners by Pulitzer Prize-winning author James B. Stewart.

Beginning in 1998 Mr. Jentes turned increasingly to serving as an independent arbitrator, mediator and ADR consultant on major domestic and international commercial disputes. He left the Kirkland firm at the beginning of 2004 and has since concentrated full-time on his ADR practice. He is a member of the AAA Commercial and International Centre for Dispute Resolution rosters, the CPR International, Construction, Oil and Gas and Technology arbitration and mediation panels, and the rosters of the ICC International Court of Arbitration, the London Court of International Arbitration, the NASD and the Chicago International Dispute Resolution Association.

***Breadth of Dispute Resolution Experience***

Mr. Jentes has served as a mediator and as sole arbitrator, chairperson, and a member of 3-person arbitration panels in a broad spectrum of disputes. In terms of subject matter, the disputes have ranged over such diverse matters as patent, copyright and trademark claims, post-acquisition accounting and tax adjustments, insurance and re-insurance coverage, alleged contract breach, securities fraud, product liability and construction defects, antitrust charges, real estate transactions, franchise and distribution rights, professional malpractice, and a variety of other commercial, competition and tort issues.

Nearly half of his arbitrations and mediations have involved non-U. S. parties, including those from Bermuda, Canada, Denmark, England, France, Germany, Ireland, Japan, Korea, Netherlands, Norway, Panama, Russia, Switzerland and Venezuela. The arbitrations have also included asserted class action claims on behalf of, and against, domestic and foreign claimants and respondents.

The range of affected U.S. and international business activity has been equally broad, covering such industries as:

- Automobile
- Banking
- Biotechnology
- Chemical
- Computer
- Container
- Construction
- Electronics
- Financial
- Food
- Franchising
- Health Care
- Insurance and Re-insurance
- Manufacturing
- Petroleum
- Pharmaceuticals
- Power Generation
- Shipping
- Telecommunications

***Teaching, Speeches and Publications***

Complementing his ADR practice, Mr. Jentes teaches the advanced seminar on Complex Litigation, including ADR, at the University of Chicago and at the University of Michigan Law Schools, which he has done at the former school since 1981 and at the latter since 1991. He regularly participates in ADR educational programs as speaker and panelist, conducting as an example the session on “Managing the Parties, the Lawyers, the Panel and the Hearing Process” at the ABA Arbitration Training Institute in Chicago, 5/05.

Mr. Jentes is also a frequent attendee at ADR conferences, most recently at the LCIA European Users' Council Symposium at Tylney, England, 5/06, the AAA Neutrals Conference in Miami, 3/06, and the CPR Annual Meeting in New York, 1/06. He previously attended the Conference of the International Federation of Commercial Arbitration Institutions in Washington, 6/05, the ICC Conference on International Arbitration in Charlottesville, 6/05, the AAA International Arbitrator Training Workshops in San Francisco, 9/03 and New York, 10/00; the AAA Commercial Arbitrator Training Workshops in Chicago, 10/02 and Boston, 5/02; the CPR Mediation Training in Washington D.C., 9/98; the LCIA Symposia in San Francisco, 9/03, Coral Gables, 3/98 and Chicago, 1/98; the NASD training session in 12/04; and the USCIB/ICC Conferences on ADR in Chicago, 11/98 and 1/98.

Mr. Jentes has written or delivered numerous articles, speeches and Congressional testimony regarding U.S. and international competition, securities and litigation issues before the U.S. Congress, the American, Federal, Illinois, Texas and Chicago Bar Associations, the Association of General Counsel, The Conference Board, the Corporate Counsel Institute and the Illinois and Massachusetts Institutes of Continuing Legal Education, among others.

***Civic Activites***

Mr. Jentes is immediate past Chair, a Life Trustee and member of the Executive Committee of the Chicago Symphony Orchestra; a member of the Boards and Executive Committees of the Chicago Shakespeare Theater, the Alliance

Française de Chicago and the Solti Foundation of the U.S.; a Sustaining Fellow of The Art Institute of Chicago; a member of the President's Circle of the Chicago Council on Foreign Relations, and a member of the Arts, Economic, Racquet and Saddle & Cycle Clubs. Mr. Jentes is the recipient of Dominican University's Bravo Award for distinguished contribution to the arts.

### *Education*

University of Michigan, BA-1953, Phi Beta Kappa
University of Michigan Law School, JD-1956, Order of Coif, Associate Editor of Law Review
Université de Grenoble, France, Fulbright Scholar in Comparative Law, 1956-57

### *References*

Mr. Jentes will be pleased to supply references from counsel who have appeared before him in arbitrations and mediations, as well as from other arbitrators with whom he has served.

### *Rates*

Mr. Jentes charges $500 per hour for all study, conference, arbitration and mediation time, plus reasonable expenses. He also charges half the time he has reserved where an arbitration is cancelled less than 21 days prior to the scheduled hearing.

### *Contact Information*

Suite 4C
1500 N. Lake Shore Drive
Chicago IL 60610
Tel/Fax: (312) 643-0024
adrjentes@rcn.com

May 2006

---

**Peter V. Baugher**, President
One South Wacker Drive, Suite 2800, Chicago, IL 60606 USA
312-409-1373 (Telephone), 312-701-9335 (Facsimile), cidra@sw.com

*Web design and webmaster services by tsssystems.net. Please email info@tsssystems.net for more information.*