IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| In the Matter of the Arbitration Between <br><br> WISCONSIN PUBLIC SERVICE CORPORATION <br><br>                        Applicant, <br><br> and <br><br> UNION PACIFIC RAILROAD COMPANY, <br><br>                        Respondent. | No. 08 CV 3687 <br><br> Judge Der-Yeghiayan <br><br> Magistrate Schenkier |

## CORRECTED JOINT APPLICATION TO APPOINT ARBITRATOR

TO THE HONORABLE JAMES F. HOLDERMAN, CHIEF JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:

Wisconsin Public Service Corporation ("WPSC") and Union Pacific Railroad Company ("UP") respectfully apply to this Court to appoint an arbitrator. In support of this Application, WPSC and UP state as follows:

1. Appended as Exhibit A is a copy of Article XIII of the Rail Transportation Agreement ("Agreement") entered into by and between WPSC and UP on January 1, 2000.[1] Article XIII, Section 1 of the Agreement provides for any

---

[1] The Agreement is a confidential agreement that provides the terms for delivery of coal from origins in Wyoming to WPSC power plants in Wisconsin. Given the confidential nature of the Agreement, the parties are not submitting the Agreement in its entirety.

controversy between the parties arising under the Agreement that cannot be resolved through negotiation to be resolved through binding arbitration.

2. Pursuant to the terms of Article XIII, Section 2, WPSC served a Demand for Arbitration on UP on May 6, 2008. WPSC's Demand presents breach of contract claims relating to coal delivery shortfalls that it alleges occurred under the Agreement during 2005. WPSC's demand seeks actual damages in excess of $10 million for breaches that it contends are not subject to any limited liquidated damages provision that may be contained in the Agreement.

3. UP served a Reply to Demand for Arbitration on WPSC on May 23, 2008. In its Reply, UP states that *force majeure* events suspended its obligations to transport coal to WPSC under the Agreement in 2005. Additionally, if the panel concludes that *force majeure* events did not suspend UP's obligations under the Agreement, UP argues that WPSC's damages are limited to no more than $500,000, in accordance with the Agreement's liquidated damages provision.

4. Pursuant to Article XIII, Section 2.A of the Agreement, WPSC and UP each designated one arbitrator for the three-member arbitration panel. WPSC designated Bruce A. Americus, a partner at Buchanan Ingersoll & Rooney in Pittsburgh, Pennsylvania, and UP designated William R. Jentes, a Chicago practitioner. Copies of their respective resumes are appended as Exhibit B.

5. In the event that the party-appointed arbitrators are unable to agree upon the selection of a third, competent and disinterested arbitrator, Article XIII, Section 2.A expressly provides that either party may request the Chief Judge

of the U.S. District Court for the Northern District of Illinois to appoint the third, competent and disinterested arbitrator. The parties' arbitrators have consulted and were unable to agree upon a third arbitrator within the specified timeframe.

6. Given the impasse that has been reached by the party-arbitrators, WPSC and UP ask this Court to appoint a third, competent and disinterested arbitrator to consider and rule upon the issues raised in WPSC's Demand for Arbitration and UP's Reply to Demand for Arbitration.

7. WPSC submits that the third arbitrator should be someone that is truly disinterested and that preferably has had no prior contact with any of the parties, their respective party-arbitrators and counsel.[2] WPSC submits that there are ample qualified arbitrators in the Chicago area, and beyond, that would meet such criteria.[3] WPSC also requests that the Court appoint a third arbitrator with judicial experience or judicial temperament. The dispute at issue involves a damage claim for in excess of ten million dollars and raises complicated contract and technical issues. Accordingly, someone with experience with complex litigation matters is essential.

---

[2] In this regard, WPSC notes that the standard American Arbitration Association Arbitrator disclosure form asks: "If there is more than one arbitrator appointed in this case, have you had any professional or social relationships with any of the other arbitrators."

[3] While the Agreement calls for this Court to appoint the third Arbitrator, there is no requirement that the appointee be from the Northern District of Illinois. Given that neither party is based in Chicago, only one of the party-arbitrators is based in Chicago, and given that counsel for both parties are outside Chicago (i.e., WPSC's counsel is from Washington, D.C., and UP's counsel is from Kansas City), WPSC submits there is no need for the Court to limit its pool of applicants to individuals from Chicago and its environs. In particular, to the extent that retired Federal District Court Judges may be available to serve as the third arbitrator, there are many qualified candidates beyond the jurisdiction of this Court that could be considered.

8. UP agrees that there are ample qualified arbitrators in the Chicago area, and all other qualifications being equal, believes that the selection of a Chicago-based arbitrator is preferred. UP submits that as the parties have agreed to conduct the arbitration proceedings in Chicago, Illinois, the selection of an arbitrator in Chicago will simplify scheduling and reduce travel costs for both parties. Consistent with this point, both parties are coordinating on ways to streamline discovery and the arbitration hearing with an eye towards reducing costs. Additionally, while UP agrees that the third arbitrator shall be competent and disinterested, it does not believe that "truly disinterested" is synonymous with the lack of *any* "prior contact with any of the parties, their respective party-arbitrators and counsel." UP recommends that the Court use R-16 and R-17 of the American Arbitration Association's Commercial Arbitration Rules for guidance in selecting the third arbitrator (pursuant to Article XIII, Section 2.B of the Agreement, the arbitration shall be conducted under the Commercial Rules of the American Arbitration Association, to the extent not inconsistent with the provisions of the Agreement).[4] Finally, UP submits that past judicial experience need not be a prerequisite and encourages the Court to also consider other arbitrators with experience in complex, commercial cases, including those who may have previously chaired arbitration panels.

9. The Court's jurisdiction arises under the diversity statute, 28 U.S.C. § 1332. WPSC is a Wisconsin corporation with its principal place of business in Green

---

[4] UP notes that while R-16 requires that arbitrators disclose any "past or present relationship with the parties or their representatives," such disclosure "is not to be construed as an indication that the arbitrator considers that the disclosed circumstance is likely to affect impartiality or independence."

- 5 -

Bay, Wisconsin. UP is a Delaware corporation with its principal place of business in Omaha, Nebraska. The amount in controversy, exclusive of interest and costs, exceeds $ 75,000. Hence, diversity is present.

10. The Agreement involves interstate commerce in the form of transportation of coal between Wyoming and Wisconsin and contains an arbitration clause within the meaning of 9 U.S.C. §§ 1-2.

11. The Court is specifically empowered to appoint the third arbitrator by 9 U.S.C. § 5, and by the terms of Article XIII, Section 2.A of the Agreement. Under the terms of the Agreement, the parties have agreed to share the fees and expenses of the third arbitrator.

12. WPSC and UP will provide, at the Court's request, any additional information that the Court may need in connection with this Application.

WHEREFORE, WPSC and UP respectfully ask the Court to appoint a competent and disinterested arbitrator to hear the arbitration.

Respectfully submitted,

s/ Charles M. Gering
CHARLES M. GERING
FOLEY & LARDNER LLP
321 N. CLARK STREET
SUITE 2800
CHICAGO, IL 60610
(312) 832-4588 (PHONE)
(312) 832-4700 (FAX)

KELVIN J. DOWD
FRANK J. PERGOLIZZI
SLOVER & LOFTUS
1224 17TH STREET, N.W.
WASHINGTON, D.C. 20036
(202) 347-7170 (PHONE)
(202) 347-3619 (FAX)

ATTORNEYS FOR
WISCONSIN PUBLIC SERVICE COMPANY


_____
RONALD J. CUCHNA
UNION PACIFIC RAILROAD COMPANY
101 NORTH WACKER DRIVE
RM. 1920
CHICAGO, IL  60606
(312) 777-2040 (PHONE)
(312) 777-2065 (FAX)


JOSEPH M. REBEIN
LAURIE A. NOVION
SHOOK, HARDY & BACON, L.L.P.
2555 GRAND BOULEVARD
KANSAS CITY, MO  64108-2613
(816) 474-6550 (PHONE)
(816) 421-5547 (FAX)

ATTORNEYS FOR
UNION PACIFIC RAILROAD COMPANY

DATED:  JUNE 27, 2008

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that on June 27, 2008, I served the foregoing attached Corrected Joint Application to Appoint Arbitrator, via regular U.S. Mail with proper postage prepaid upon:

> Ronald J. Cuchna
> Union Pacific Railroad Company
> 101 North Wacker Drive
> Suite 1920
> Chicago, Illinois  60606
>
> Joseph M. Rebein
> Laurie A. Novion
> Shook, Hardy & Bacon, LLP
> 2555 Grant Boulevard
> Kansas City, Missouri  64108

> s/ Charles M. Gering
> Charles M. Gering

CHIC_3128894.1